UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

WAREN EASLEY,

    Plaintiff

v.

BRENDA TRITT, et al.

    Defendants.

No. 1:17-CV-00930

(Judge Rambo)

# MEMORANDUM

## I.    Background

Presently before the Court is a civil action filed by pro se Plaintiff, Warren Easley, on May 26, 2017, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) As Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court will engage in screening of Plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2).

Plaintiff, an inmate at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, ("SCI-Smithfield") filed this § 1983 action naming as defendants sixteen (16) employees of SCI-Frackville[1], and two (2) employees at

---

[1] Those sixteen individuals are: (1) Brenda Tritt, superintendent; (2) George Miller, deputy superintendent; (3) Rhonda Tom Cavage, unit manager; (4) Jason Albert, lieutenant; (5) Jennifer Newberry, grievance coordinator; (6) Stacy Dowd, unit manager; (7) Jill Marhelka, counselor; (8) Kellar, major; (9) Kistinka, correctional officer; (10) Pandya, doctor; (11) Kuras, head of medical department; (12) Karen Holly, head of medical department; (13) Korby, correctional

the Department of Corrections ("DOC"), central office.[2]  Plaintiff asserts a Fourth Amendment excessive force claim, Eighth Amendment cruel and unusual punishment and condition-of-confinement claim, a First Amendment retaliation claim, and an Eighth Amendment deliberate indifference to a serious medical need claim.  (Doc. No. 1.)  Plaintiff alleges, <u>inter alia</u>, that he was subjected to the unjustified and continuous use of O.C. Spray on numerous occasions.  (Doc. No. 1.)  Plaintiff also alleges that he was subjected to being strapped into a restraint chair on multiple occasions for excessive amounts of time, one instance lasting up to 22 hours.  During one of these times, Plaintiff avers that he was punched in the face by Defendant Korby.  On another occasion, Plaintiff alleges that during a cell extraction, he was thrown to the ground by Defendant Korby and Defendant Korby repeatedly banged Plaintiff's head off of the floor, requiring Plaintiff to receive seven stitches.  (<u>Id</u>.)

Plaintiff also alleges that he was denied a mattress, clothes, linen, and the use of a working toilet and sink.  Because of this, Plaintiff avers he was forced to defecate and urinate on the floor, wipe himself with orange peels, Styrofoam, and plastic wrappers, and live in this type of condition for a number of days.  (Doc. No.

---

officer; (14) Robert Boyce, psychologist specialist; (15) Brian Shiptowski, certified registered nurse practitioner; and (16) Gregiore, lieutenant.
[2] Those two individuals are: (1) Robert Marsh, chief of psychology services; and (2) Dorina Varner, chief grievance officer.

1 at 14, 21.) Plaintiff further alleges that on another occasion when he was placed in the restraint chair, a smock blanket was placed around his body and was clasped at his neck with flex cuffs for over eight hours. (Id. at 23.) With regard to his medical treatment, Plaintiff alleges that despite his attempts of suicide on several occasions, and his subsequent request for mental health treatment, he was never afforded any treatment. (Id. at 29-32.)

## II. Standard of Review

In reviewing Plaintiff's Complaint, the Court is guided by § 1915(e)(2) of the PLRA which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The

Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible.  Id.  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

**III. Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

**A. First Amendment Retaliation**

Liberally construing Plaintiff's complaint, it appears that Plaintiff alleges that Defendant Newberry retaliated against him by not filing responses to Plaintiff's grievances. The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). To state a retaliation claim, Plaintiff must, as a threshold matter, establish "that the conduct which led to the alleged retaliation was constitutionally protected." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001). Next, Plaintiff must assert "he suffered some adverse action at the hands of the

prison officials," such that "the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." Id. (internal citations omitted). Finally, Plaintiff must establish "a causal link between the exercise of his constitutional rights and the adverse action taken against him," by showing that "the constitutionally protected conduct was a substantial or motivating factor in the decision to discipline the inmate." Id. (internal citations omitted).

Filing grievances "against prison officials constitutes constitutionally protected activity" and therefore, Plaintiff meets the test's threshold requirement. See Mearin v. Vidonish, 450 F.App'x 100, 102 (3d Cir. 2011). However the Court can discern no allegations set forth by Plaintiff of an adverse action that causally resulted from his constitutionally protected activity of filing grievances. For instance, his complaint is devoid of any alleged retaliatory conduct that would deter a reasonably firm prisoner from exercising his First Amendment rights, such as being placed in segregation.

To the extent Plaintiff alleges a due process violation in the context of filing grievances, none of the allegations set forth in his complaint deprived him of due process or implicated a liberty interest. See Mitchell v. Dodrill, 696 F.Supp.2d 454, 469 (M.D. Pa. 2010) ("It is well-established that inmates do not have a

constitutionally protected right to a prison grievance system."); Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D. Pa. 1992) citing Hewitt v. Helms, 459 U.S. 460, 468 (1983) and Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) (per curiam) ("regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure."). Thus, Plaintiff's claim that his rights were violated by denying him his grievances fails to state a claim. Accordingly, Plaintiff's retaliation claim will be dismissed without prejudice and Plaintiff's due process claim will be dismissed with prejudice.

### B. Claims against Defendants Robert Marsh, Dorina Varner, Kuras, Jill Marhelka, and Karen Holly

Plaintiff fails to state a claim against Defendants Robert Marsh, Dornia Varner, Kuras, Jill Marhelka, and Karen Holly because the complaint reveals that they lack any personal involvement in the wrongs, and Plaintiff's allegations against these Defendants are based solely upon their supervisory roles.

Local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08

(3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.) Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs…. [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

With respect to these Defendants, a review of the complaint confirms that other than being listed as Defendants, there are no specific assertions that any of these Defendants had any personal involvement in the purported violations of Plaintiff's rights. Rather, the claims asserted against these Defendants are premised either upon their respective supervisory position or their handling of Plaintiff's subsequent institutional grievances and appeals.

However, dissatisfaction with the response to an inmate's grievances does not support a constitutional claim. See Alexander v. Gennarini, 144 F.App'x 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability.) Thus, the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Flanagan

v. Shively, 783 F.Supp. 922, 931-32 (M.D. Pa. 1992) aff'd, 980 F.2d 722 (3d Cir. 1992). Based upon the above, such allegations are insufficient to satisfy the personal involvement requirements standard of Rode. Accordingly, Defendants Robert Marsh, Dornia Varner, Kuras, Jill Marhelka, and Karen Holly will be dismissed from this action.

### C. Plaintiff's Request for Appointment of Counsel

Along with his complaint, Plaintiff requests appointment of counsel. (Doc. No. 1.) Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147, 153, 155-57 (3d Cir. 1993) (setting forth non-exhaustive list of factors to be considered in ruling on motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues), cert. denied, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated, however, that appointment of counsel for an indigent litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26

(3d Cir. 1984). But no part of the discussion in Smith-Bey of circumstances warranting appointment of counsel should be interpreted to mean that "appointment is permissible only in exceptional circumstances and that, in the absence of such circumstances, the court has no discretion to appoint counsel." Tabron, 6 F.3d at 155.

Plaintiff's motion fails to set forth sufficient special circumstances or factors warranting appointment of counsel. See Tabron v. Grace, supra. The complaint and other documents filed by Plaintiff to date reveal that he is capable of presenting his claims. Furthermore, this court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with Plaintiff's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the court cannot say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.

In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the court either sua sponte or upon a motion properly filed by Plaintiff.

## IV. Conclusion

Based upon the foregoing, Plaintiff will be granted leave to proceed in forma pauperis.  Plaintiff's retaliation claim will be dismissed without prejudice.  Plaintiff will be afforded thirty (30) days from the date of this Memorandum's corresponding Order to amend the claim.  Plaintiff's due process claim with regard to his grievances will be dismissed with prejudice.  Defendants Robert Marsh, Dornia Varner, Kuras, Jill Marhelka, and Karen Holly will be dismissed from this action for their lack of personal involvement.  Finally, while Plaintiff's Fourth Amendment excessive force claim, Eighth Amendment cruel and unusual punishment and condition-of-confinement claim, and Eighth Amendment deliberate indifference to a serious medical need claim may proceed, Plaintiff is advised that he may amend these claims as well, if he chooses, to specifically identify the particular Defendant in each allegation that is alleged to have harmed Plaintiff.  Accordingly, service of the complaint will be deferred for thirty (30) days in which Plaintiff is granted leave to amend in accordance with the above.  Should Plaintiff fail to file an amended complaint within thirty (30) days, the Court will serve the original complaint on the remaining Defendants.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: June 30, 2017