IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAREN EASLEY,
    Plaintiff

v.

BRENDA TRITT, et al.
    Defendants

No. 1:17-cv-00930

(Judge Rambo)

**MEMORANDUM**

This action, filed by pro se Plaintiff Warrant Easley ("Easley"), is proceeding on an amended complaint filed on July 26, 2017 pursuant to 42 U.S.C. § 1983. (Doc. No. 11.) Easley is currently incarcerated at the State Correctional Institution at Smithfield, in Huntingdon, Pennsylvania ("SCI-Smithfield"). The allegations that give rise to this action occurred while Easley was incarcerated at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"). (Id.) Easley asserts a variety of federal civil rights claims against 17 Defendants, all of whom appear to be connected with SCI-Frackville and the Pennsylvania Department of Corrections ("DOC"). Currently pending before the Court are Defendants' motions to dismiss Easley's amended complaint (Doc. Nos. 23, 24), and Easley's motion for leave to file a second amended complaint (Doc. No. 45).

**I.    BACKGROUND**

On May 26, 2017, Easley filed his original complaint asserting civil rights claims under 42 U.S.C. § 1983 against 18 Defendants based on events alleged to have occurred while Easley was incarcerated at SCI-Frackville. (Doc. No. 1.)

1

Upon conducting its statutorily-mandated screening review of the complaint prior to service of process, the Court dismissed several claims and Defendants without prejudice and directed Easley to file an amended complaint. (Doc. Nos. 8, 9).

Plaintiff filed an amended complaint on July 26, 2017. (Doc. No. 11.) The amended complaint, totaling 232 paragraphs, purports to allege a variety of legal claims against 17 Defendants for violations of various federal civil rights, including violations of Easley's First and Eighth Amendment rights through deliberate indifference, denial of medical care, failure to protect, retaliation, access to courts, condition-of-confinement, and excessive force. (Doc. No. 11.) After accepting service of Easley's amended complaint, Defendants filed motions to dismiss on October 23, 2017 (Doc. Nos. 23, 24), and briefs in support thereof on December 6, 2017 (Doc. No. 34-38) and December 20, 2017 (Doc. No. 40). On December 27, 2017, the Court granted Easley an extension of time to file a brief in opposition to Defendants' motions to dismiss. (Doc. No. 44.) On January 22, 2018, rather than file a brief in opposition, Easley filed a motion for leave to file a second amended complaint and attached the proposed second amended complaint. (Doc. Nos. 45, 47.)

Easley's proposed second amended complaint totals 352 paragraphs and seeks to add an additional 7 Defendants to the 17 Defendants already named in the

amended complaint.  (Doc. No. 47.)  It appears that Easley's proposed second amended complaint, in addition to adding 7 new Defendants, raises the same alleged civil rights violations as his amended complaint, but further elaborates on his averments.  (Id.)  Defendants filed a brief in opposition to Easley's motion for leave to file a second amended complaint on February 20, 2018, pursuant to Federal Rule of Civil Procedure 20.  (Doc. No. 51.)  Easley filed a reply brief on March 8, 2018.  (Doc. No. 52.)  This matter having been fully briefed, is ripe for consideration.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it, or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).  In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2).  Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990); Fed. R. Civ. P. 15(a)(1)(2).  "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." Katzenmoyer v. City of

3

Reading, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); see Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." Dole, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss. See Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied 464 U.S. 937 (1983).

## III. DISCUSSION

Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

(a) Persons Who May Join and Be Joined.

\* \* \* \* \* \* \* \* \*

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Analyzing Rule 20 reveals that it defines the limits of defendants that can be jointed in a single action when: "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. See Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Salley v. Wetzel, Civ. No. 12-1515, 2013 WL 3157558 (M.D. Pa. 2013), aff'd, 565 F. App'x. 77 (3d Cir. 2014). "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." Id. at *3 (citing Pruden v. SCI Camp Hill, 252 Fed. Appx. 436 (3d Cir. 2007)).

As submitted, it is clear that Easley's proposed second amended complaint is in violation of both Rules 8 and 20. The proposed second amended

complaint names 24 individual Defendants and contains numerous claims by Easley spanning a period of nearly one year and ten months. (Doc. No. 47.) Many of the claims alleged by Easley address different matters including, inter alia, violations of his First and Eighth Amendment rights through deliberate indifference, denial of medical care, failure to protect, retaliation, access to courts, condition-of-confinement, and excessive force. (Id.) There is no indication that the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, or have a common question of law or fact common to all defendants. The only common thread Easley's allegations share is they allegedly occurred while he was incarcerated at SCI-Frackville. Rather, these claims are separate and distinct and do not present some common question of law or fact with respect to all the parties in this action, as required by Rule 20. See Saltalamacchia v. Wentzel, Civ. No. 14-cv-868, 2017 WL 2843302 (M.D. Pa. June 9, 2017).[1] Simply stated, the Federal Rules of Civil Procedure do not authorize Easley's joinder of unrelated claims across unrelated Defendants. See id. at * 3.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA") substantially

---

[1] This holds true notwithstanding any conclusory allegations of a conspiracy. See, e.g., Robinson v. Powell, Civ. No. 9-cv-250, 2010 WL 2928217, at *2 n.2 (E.D. Va. July 23, 2010) ("[S]uch conclusory claims of a conspiracy are insufficient to provide[] an adequate basis for unrelated transactions and defendants."); Washington v. Folino, Civ. No. 11-1046, 2013 WL 998013 (W.D. Pa. Feb. 28, 2013).

changed the judicial treatment of civil rights actions by state and federal prisoners. One major change brought about by the PLRA was that the prisoner must ultimately pay the full filing fee in a non-habeas action. See Folino, 2013 WL 998013, at *3 n.1. Allowing a prisoner to include a plethora of separate, independent claims, (although occurring during his confinement at one particular penal institution) would circumvent the filing fee requirements of the PLRA and the intent of Rule 20 to only allow related claims to be joined. See Saltalamacchia, 2017 WL 2843302, at * 3. Consequently, the Court will deny Easley's motion for leave to file a second amended complaint.

## IV. CONCLUSION

In accordance with the foregoing, the Court will deny Easley's motion for leave to file a second amended complaint (Doc. No. 45), grant his motion for an extension of time to file a brief in opposition to Defendants' motions to dismiss (Doc. No. 50), and direct Easley to file a brief in opposition to the pending motions to dismiss on or before May 6, 2018.

                               s/Sylvia H. Rambo  
                               SYLVIA H. RAMBO  
                               United States District Judge

Dated: April 23, 2018