# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN EASLEY, : | |
|     Plaintiff : | |
| : | No. 1:17-cv-930 |
| v. : | |
| : | (Judge Rambo) |
| BRENDA TRITT, *et al.*, : | |
|     Defendants : | |

## MEMORANDUM

Before the Court are Plaintiff Warren Easley's first motion for a preliminary injunction and temporary restraining order (Doc. No. 98), motion to compel discovery (Doc. No. 106), motion to appoint counsel (Doc. No. 124), and second motion for preliminary injunction and temporary restraining order (Doc. No. 129), as well as the March 11, 2019 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 136), recommending that Easley's first motion for a preliminary injunction and temporary restraining order (Doc. No. 98) be denied, and the motion for emergency conference (Doc. No. 137) and accompanying declaration (Doc. No. 138) submitted by Rev. Augustus O. Enoch on Easley's behalf.

## I. BACKGROUND

Easley is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against several correctional officers and medical staff members at SCI Frackville, alleging various incidents of cruel and unusual punishment. (Doc. No. 11.) By Memorandum and Order entered on August 7, 2018, the Court: (1) granted

Defendant Shiptoski's motion to dismiss/motion for summary judgment and dismissed him from this action; (2) granted Defendant Boyce's motion to dismiss/motion for summary judgment and dismissed him from this action; (3) denied Defendants Albert, Boyce, Corby, Dowd, Gregoire, Kostinko, Miller, and Tomcavage's motions to dismiss/motions for summary judgment for Easley's failure to exhaust administrative remedies; (4) granted Defendant Keller's motion to dismiss/motion for summary judgment for Easley's failure to exhaust administrative remedies with respect to his claim that Keller called him a "rat"; (5) granted Defendant Marsh's motion to dismiss/motion for summary judgment for Easley's failure to exhaust administrative remedies and dismissed Marsh from this action; (6) granted Defendant Miller's motion to dismiss/motion for summary judgment on the basis that Easley's 2014 haircut exemption claim was barred by the statute of limitations; (7) granted Defendant Newberry's motion to dismiss/motion for summary judgment and dismissed him from this action; (8) denied the motion to sever filed by several Department of Corrections ("DOC") inmates; and (9) denied Easley's motion for default judgment and dismissed Defendant Dr. Pandya from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. Nos. 81, 82.) The remaining DOC Defendants filed their answer on August 28, 2018. (Doc. No. 88.) Discovery is currently ongoing. In an Order entered on February 14, 2019 (Doc. No. 128), Magistrate Judge Carlson granted

Defendants' motion for extension of time to complete discovery (Doc. No. 127) and directed that discovery be completed by August 1, 2019.

## II. PLAINTIFF'S MOTIONS

### A. Motions for Preliminary Injunction and Temporary Restraining Order

Easley filed his first motion for a preliminary injunction and temporary restraining order in October of 2018, while incarcerated at SCI Retreat. (Doc. No. 98.) In that motion, Easley requests injunctive relief against several staff members at SCI Retreat. He asserts that these individuals denied him access to the courts when they confiscated and/or discarded some of his legal paperwork pertaining to this case. Easley asks that these individuals "stop using [his] legal material as privilege [and] withholding such to punish and retaliate and ultimately injure [him]." (*Id.* at 2.)

In a Report and Recommendation entered on March 11, 2019, Magistrate Judge Carlson recommended denying Easley's motion. (Doc. No. 136.) First, Magistrate Judge Carlson noted that Easley had filed his motion against "individuals who are not named as defendants in the instant action," running afoul of the general rule that courts may not enter an injunction against individuals who have not been made parties to the case before it. (*Id.* at 8-9.) Magistrate Judge Carlson further concluded that Easley had not demonstrated that he was likely to be successful on the merits of his claims, and that he had failed to show actual injury since he "ha[d]

3

continued to submit numerous filings in this case" since filing his motion. (*Id.* at 9-10.) Finally, Magistrate Judge Carlson noted that Easley's motion should be denied as moot because Easley had since been transferred to SCI Somerset. (*Id.* at 10-11.)

No objections have been filed to the Report and Recommendation. In considering whether to adopt the Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the report for clear error). Following an independent review of the record, the Court is satisfied that the Report and Recommendation contains no clear error, and will therefore adopt the Report and Recommendation to deny Easley's motion for a preliminary injunction and temporary restraining order (Doc. No. 98) as moot.

Easley subsequently filed a second motion for a preliminary injunction and temporary restraining order in February of 2019 (Doc. No. 129), while incarcerated at SCI Somerset. In that motion, Easley seeks injunctive relief against employees at SCI Somerset in the form of an Order directing them to "stop using the general population law library as a [privilege] and provide [him] discovery documents and videos sent in by [the] Attorney General to be properly viewed." (*Id.* at 2.) Easley

4

also seeks an "ample amount of time" to review the provided discovery materials. (*Id.*) Since then, however, Easley has been transferred to SCI Forest. (*See* Doc. Nos. 137, 138.) In cases "where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief." *Fielder v. Fornelli*, No. 09-881, 2010 WL 3191841, at *1 (W.D. Pa. June 30, 2010) (citations omitted), *Report and Recommendation adopted by* 2010 WL 3186636 (W.D. Pa. Aug. 11, 2010). Accordingly, because Easley is no longer incarcerated at SCI Somerset, and is no longer subject to the control of those who he claims were not providing him adequate access to the law library and his discovery materials, the second motion for a preliminary injunction and temporary restraining order (Doc. No. 129) will be denied as moot.

B.  **Motion to Compel Discovery**

In his motion to compel discovery, Easley seeks a Court Order directing Defendants "to produce for inspection and copying the documents, answer all interrogatories along with admissions Plaintiff sent to Defendants['] counsel on August 21, 2018 and August 28, 2019." (Doc. No. 106 at 1.) He also seeks sanctions in the amount of $3,500.00 "as reasonable expenses in obtaining this order" given Defendants' failure to respond to his requests. (*Id.*) In response, Defendants contend that Plaintiff's motion should be denied because they are working on responding to

5

his numerous requests and that sanctions are not warranted at this time. (Doc. No. 113 at 4-7.) Defendants indicate that, as of December 3, 2018, they had "responded to the requests for admission directed to individual Defendants, interrogatories, the requests to produce documents directed to individual Defendants, and to two of [Easley's] eight sets of requests for the production of documents." (*Id.* at 3.) Defendants also state that Easley has informed counsel that "he has been able to meet with staff to start reviewing the documents produced." (*Id.*) In his reply, Easley maintains his belief that Defendants have "put minimum effort in aiming to resolve such issue[s] and clearly [are] disregarding the law." (Doc. No. 119 at 4.)

As noted above, by Order entered on February 14, 2019 (Doc. No. 128), Magistrate Judge Carlson granted Defendants' motion for extension of time to complete discovery (Doc. No. 127), and directed that discovery be completed by August 1, 2019. In light of the extension of the discovery deadline, as well as Defendants' assertions that they are working to respond to Easley's requests, Easley's motion to compel will be denied. Moreover, sanctions are not warranted, as Easley has not demonstrated that Defendants are acting in bad faith. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008). To the extent that Easley believes Defendants' responses to his discovery requests are inadequate or fail to comply with the Federal Rules of Civil Procedure, Easley may re-file a motion to compel.

C.  **Motion to Appoint Counsel**

Easley again moves for the appointment of counsel in this matter. (Doc. N0. 124.) He requests that he be appointed counsel because he is unable to review discovery, cannot access the law library because of being on restriction due to a recent transfer, no longer receives legal assistance from another inmate because of his transfer, is being denied discovery, and that a trial will likely involve extensive and conflicting testimony.

Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). In *Tabron v.Grace*, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." *Id.* Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most

significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" *Nunez v. Wetz*, No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (citing *Montgomery*, 294 F.3d at 501).

The *Tabron* factors do not warrant appointing counsel at this time. Easley has the apparent ability to read, write, and understand English. Furthermore, as noted above, Easley has indicated to Defendants' counsel that he has started to receive and review Defendants' responses to his discovery requests. Moreover, as the Court previously noted, Easley has been able to file several documents in this matter, including, but not limited to, the complaint and amended complaint, briefs in opposition to the prior motions to dismiss and motions for summary judgment, and several filings regarding discovery. Additionally, the legal issues in this case are not overly complex and this Court's liberal construction of *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), coupled with Easley's apparent ability to litigate this action *pro se*, militate against the appointment of counsel. Consequently, the Court cannot say, at this point, that Easley will suffer substantial prejudice if he is forced to prosecute this action on his own. In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the Court either *sua sponte* or upon a motion properly filed by Easley.

### D. Motion for Emergency Conference

On March 18, 2019, the Court received a motion for emergency conference (Doc. No. 137.) Although the motion states that Easley is moving for an emergency conference, the court notes that the motion is signed by "[auxiliary] jail house lawyer" Rev. Augustus O. Enoch, another inmate at SCI Forest, who states that he is temporarily representing Easley. (*Id.* at 1-2.) "A jailhouse lawyer, however, cannot act as the legal representative of another inmate." *Sandler v. Feder*, No. 05-1032, 2006 WL 266125, at *3 (E.D. Pa. Jan. 31, 2006); *see also Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) (noting that nothing allows jailhouse lawyers "to engage in the practice of law by filing papers with the court as the inmate's legal representative"). Therefore, because Enoch cannot represent Easley in this matter, even on a temporary basis, the Court will strike the motion for emergency hearing (Doc. No. 137) and accompanying declaration (Doc. No. 138) from the docket.

## III. CONCLUSION

For the reasons set forth above, the Court will adopt Magistrate Judge Carlson's Report and Recommendation (Doc. No. 136) and deny Easley's first motion for a preliminary injunction and temporary restraining order (Doc. No. 124). The Court will also deny Easley's motion to compel discovery (Doc. No. 106) and second motion for a preliminary injunction and temporary restraining order (Doc. No. 129). Easley's motion to appoint counsel (Doc. No. 124) will be denied without

prejudice.  Finally, the motion for emergency hearing (Doc. No. 137) and accompanying declaration (Doc. No. 138) submitted by the Rev. Augustus O. Enoch on Easley's behalf will be stricken from the docket.  An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 4, 2019