# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN EASLEY, : | | |
|     Plaintiff : | | |
| : | No. 1:17-cv-930 | |
| v. : | | |
| : | (Judge Rambo) | |
| BRENDA TRITT, *et al.*, : | | |
|     Defendants : | | |

## **MEMORANDUM**

Before the Court are *pro se* Plaintiff Warren Easley ("Easley")'s motion for emergency hearing (Doc. No. 142), motion to reproduce documents (Doc. No. 148), and motion for reproduction of documents (Doc. No. 156), as well as Defendants' response to Easley's motion for emergency hearing (Doc. No. 154), Easley's reply brief (Doc. No. 172), various discovery requests that Easley has submitted directly to the Court (Doc. Nos. 151, 152, 155, 158, 159, 161-165, 168-69), and a motion for an emergency conference (Doc. No. 170) submitted by Rev. Augustus Enoch on Easley's behalf.

## I. BACKGROUND

Easley is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against several correctional officers and medical staff members at SCI Frackville, alleging various incidents of cruel and unusual punishment. (Doc. No. 11.) By Memorandum and Order entered on August 7, 2018, the Court: (1) granted Defendant Shiptoski's motion to dismiss/motion for summary judgment and

dismissed him from this action; (2) granted Defendant Boyce's motion to dismiss/motion for summary judgment and dismissed him from this action; (3) denied Defendants Albert, Boyce, Corby, Dowd, Gregoire, Kostinko, Miller, and Tomcavage's motions to dismiss/motions for summary judgment for Easley's failure to exhaust administrative remedies; (4) granted Defendant Keller's motion to dismiss/motion for summary judgment for Easley's failure to exhaust administrative remedies with respect to his claim that Keller called him a "rat"; (5) granted Defendant Marsh's motion to dismiss/motion for summary judgment for Easley's failure to exhaust administrative remedies and dismissed Marsh from this action; (6) granted Defendant Miller's motion to dismiss/motion for summary judgment on the basis that Easley's 2014 haircut exemption claim was barred by the statute of limitations; (7) granted Defendant Newberry's motion to dismiss/motion for summary judgment and dismissed him from this action; (8) denied the motion to sever filed by several Department of Corrections ("DOC") inmates; and (9) denied Easley's motion for default judgment and dismissed Defendant Dr. Pandya from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. Nos. 81, 82.) The remaining DOC Defendants filed their answer on August 28, 2018. (Doc. No. 88.) Discovery is currently ongoing. In an Order entered on February 14, 2019 (Doc. No. 128), Magistrate Judge Carlson granted Defendants' motion for extension of time to complete discovery (Doc. No. 127) and directed that discovery be completed by August 1, 2019.

## II. EASLEY'S MOTIONS

### A. Motions for Emergency Hearing and Motion to Reproduce Documents

Easley seeks an emergency hearing before the Court to address several discovery concerns. He argues that the Defendants have not been cooperative throughout the discovery period, that they have not attempted to settle discovery disputes even after he has written several letters to counsel, and that they have had more than enough time to process several videos in response to his discovery requests. (Doc. No. 142 at 1.) Easley also mentions that upon his transfer to SCI Forest, only the videos produced in response to discovery have been located. (*Id.*) He maintains that all documents produced in response to discovery have not been located. (*Id.*) Easley's motion for reproduction of documents (Doc. No. 148) requests that Defendants be directed to reproduce all of these documents and provide them to him.

In their brief in opposition to Easley's motion for emergency hearing, Defendants maintain that they "have responded to all of Easley's discovery requests and continue to respond in good faith by supplementing their responses with additional documents and video footage as it becomes available." (Doc. No. 154 at 1.) Defendants note that producing video footage to Easley has posed several difficulties, which they have sought to troubleshoot before providing such video to Easley. (*Id.* at 7.) Specifically, all videos must be converted to "a standard '.wmv'

file" so that they can play on any computer. (*Id.* at 7-8.) With respect to written responses and documents, Defendants state that Easley had already informed counsel of the loss of his documents and that all written discovery responses have been reprinted. (*Id.* at 9.) Defendants indicate that once all the responses and documents "are present and organized in a manageable fashion," they will be resent to Easley. (*Id.*) Finally, Defendants assert that they continue to respond to Easley's requests in good faith, supplement their responses when needed, and have written several letters to Easley in response to his discovery requests. (*Id.* at 10-12.)

In his reply brief, Easley contends that Defendants have acted in bad faith because they have only provided nineteen (19) videos, twelve (12) of which, he argues, do not pertain to the instant suit. (Doc. No. 172 at 2.) He also contends that Defendants have "falsified documents pertaining to discovery [and have] failed to respond to discovery request[s]." (*Id.* at 1.) Easley also maintains that Defendants have not abided by the Federal Rules of Civil Procedure because they have not responded to discovery requests in the thirty (30) days to do so contemplated by the Rules. (*Id.* at 4-5.)

In light of Defendants' assertions, Easley's motion for emergency hearing (Doc. No. 142) and motion to reproduce documents (Doc. No. 148) will be denied. Defendants indicate that they are working to respond to Easley's requests and that they will be providing new copies of all written responses and documents to Easley because his copies were lost after his transfer to SCI Forest. Moreover, to the extent

4

Easley seeks sanctions, such are not warranted, as Easley has not demonstrated that Defendants are acting in bad faith and are willfully disregarding discovery deadlines and orders.[1]  *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008).  To the extent that Easley believes Defendants' responses to his discovery requests are inadequate, nonresponsive, or fail to comply with the Federal Rules of Civil Procedure, Easley may file a motion to compel.

### B. Motion for Reproduction of Documents

Easley has also filed a motion requesting that the Court provide him with new copies of various filings in this matter.  (Doc. No. 156.)  He maintains that his copies went missing after his transfer to SCI Forest.  Easley requests copies of thirty-six (36) separate documents.  (*Id.* at 1-2.)  These documents include his amended complaint (Doc. No. 11), his brief in opposition to Defendant Shiptoski's motion to dismiss/motion for summary judgment (Doc. No. 67), his responses to the motion for summary judgment previously filed by various Defendants (Doc. Nos. 71-73), a proposed settlement agreement (Doc. No. 84), several discovery requests (Doc. Nos. 87, 89-97, 120), letters from him (Doc. Nos. 102-103, 108-109, 117, 121-22, 135, 144-46), documents relating to his previous motion to compel (Doc. Nos. 106-07, 119), Defendants' brief in support of their motion to depose Easley (Doc. No. 116),

---

[1] As noted *supra*, discovery is currently set to close on August 1, 2019.  Defendants indicate, however, that they would not objection to an extension of that date if Easley "feels that he needs additional time before the close of discovery."  (Doc. No. 154 at 8-9.)

his prior motion for emergency hearing (Doc. No. 132), and his April 11, 2019 motion for emergency hearing and brief in support (which the Court has addressed above) (Doc. Nos. 142-43). Easley argues that he cannot properly litigate his case without these documents and that he intends to use them as evidence and exhibits in further proceedings. (Doc. No. 157 at 1-2.) In light of Easley's *pro se* status, the Court will grant his motion and direct the Clerk of Court to provide copies of the documents he requests at no cost to him.

### C. Easley's Various Discovery Requests

Easley has submitted several discovery requests to the Court. (Doc. Nos. 151, 152, 155, 158, 159, 161-165, 168-69). Easley is reminded, however, that "[i]nterrogatories, requests for disclosures, requests for documents, requests for admissions, and answer and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court." M.D. Pa. L.R. 5.4(b). Thus, any future discovery requests should only be addressed to counsel for Defendants.

### D. Motion for an Emergency Conference

On May 28, 2019, the Court received another motion for an emergency conference, submitted on Easley's behalf by. Rev. Augustus Enoch. (Doc. No. 170.) As the Court previously informed Easley and Enoch, however, "[a] jailhouse lawyer, however, cannot act as the legal representative of another inmate." *Sandler v. Feder*,

No. 05-1032, 2006 WL 266125, at *3 (E.D. Pa. Jan. 31, 2006); *see also Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) (noting that nothing allows jailhouse lawyers "to engage in the practice of law by filing papers with the court as the inmate's legal representative"). Therefore, because Enoch cannot represent Easley in this matter, even on a temporary basis, the Court will strike the motion for an emergency conference (Doc. No. 170) from the docket.

## III. CONCLUSION

For the reasons set forth above, the Court will deny Easley's motion for emergency hearing (Doc. No. 142) and deny as moot his motion to reproduce documents (Doc. No. 148). The Court will grant Easley's motion for reproduction of documents (Doc. No. 156) and direct the Clerk of Court to provide copies of the documents sought to Easley at no cost to him. The motion for an emergency conference (Doc. No. 170) submitted by the Rev. Augustus Enoch on Easley's behalf will be stricken from the docket. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 12, 2019