# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN EASLEY, | : | |
|     Plaintiff | : | |
| | : | **No. 1:17-cv-930** |
|     v. | : | |
| | : | (Judge Rambo) |
| BRENDA TRITT, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are *pro se* Plaintiff Warren Easley ("Easley")'s motion to order the viewing of his discovery (Doc. No. 183), motion in limine (Doc. No. 184), and motion seeking to depose certain Defendants (Doc. No. 187), as well as Magistrate Judge Carlson's February 14, 2019 Order directing that the parties complete discovery by August 1, 2019 (Doc. No. 128).

## I.    BACKGROUND

Easley is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against several correctional officers and medical staff members at SCI Frackville, alleging various incidents of cruel and unusual punishment. (Doc. No. 11.) By Memorandum and Order entered on August 7, 2018, the Court: (1) granted Defendant Shiptoski's motion to dismiss/motion for summary judgment and dismissed him from this action; (2) granted Defendant Boyce's motion to dismiss/motion for summary judgment and dismissed him from this action; (3) denied Defendants Albert, Boyce, Corby, Dowd, Gregoire, Kostinko, Miller, and

Tomcavage's motions to dismiss/motions for summary judgment for Easley's failure to exhaust administrative remedies; (4) granted Defendant Keller's motion to dismiss/motion for summary judgment for Easley's failure to exhaust administrative remedies with respect to his claim that Keller called him a "rat"; (5) granted Defendant Marsh's motion to dismiss/motion for summary judgment for Easley's failure to exhaust administrative remedies and dismissed Marsh from this action; (6) granted Defendant Miller's motion to dismiss/motion for summary judgment on the basis that Easley's 2014 haircut exemption claim was barred by the statute of limitations; (7) granted Defendant Newberry's motion to dismiss/motion for summary judgment and dismissed him from this action; (8) denied the motion to sever filed by several Department of Corrections ("DOC") inmates; and (9) denied Easley's motion for default judgment and dismissed Defendant Dr. Pandya from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. Nos. 81, 82.) The remaining DOC Defendants filed their answer on August 28, 2018. (Doc. No. 88.) Discovery is currently ongoing. In an Order entered on February 14, 2019 (Doc. No. 128), Magistrate Judge Carlson granted Defendants' motion for extension of time to complete discovery (Doc. No. 127) and directed that discovery be completed by August 1, 2019.

## II. EASLEY'S MOTIONS

### A. Motion to Order the Viewing of Discovery

Easley has filed a motion seeking a Court Order directing officials at SCI Forest to allow him to view his discovery. (Doc. No. 183.) He asserts that his ability to do so has been hindered by staff members there. (*Id.*) The Court construes Easley's motion as one seeking injunctive relief against officials at SCI Forest. These officials, however, are not parties to the above-captioned action, and therefore the Court cannot enter injunctive relief against them. *See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996). The Court will therefore deny Easley's motion (Doc. No. 183) to the extent he seeks injunctive relief against individuals at SCI Forest who are not parties to this action. The Court will, however, grant the motion to the extent that counsel for Defendants will be directed to communicate with the relevant officials at SCI Forest to ensure that Easley's discovery is not withheld and that he is able to view such in a timely and consistent manner.

### B. Motion in Limine

Easley has also filed a motion in limine pursuant to Rules 403 and 404 of the Federal Rules of Evidence. (Doc. No. 184.) Easley seeks to exclude the presentation at trial of any evidence of his past criminal convictions and institutional misconducts that are not relevant to the instant civil suit. (*Id.*) "Motions in limine are procedural mechanisms by which the court can make evidentiary rulings in advance of trial,

often to preclude unfairly prejudicial evidence." *United States v. Bereznak*, No. 3:18-CR-39, 2018 WL 1993904, at *4 (M.D. Pa. Apr. 27, 2018). Here, however, there is nothing before the Court suggesting what evidence Defendants may seek to present if this matter should proceed to trial. Accordingly, the Court will deny Easley's motion in limine without prejudice as premature. *See Bernheisel v. Mikaya*, No. 13-1496, 2016 WL 4247795, at *3 (M.D. Pa. Aug. 9, 2016) (denying without prejudice plaintiff's motion in limine to exclude testimony where lack of information about what testimony the defendants may seek to elicit at trial and the relevance of such testimony made motion premature).

### C. Motion to Depose Defendants

Easley has also filed a motion requesting leave to depose Defendants Tritt, Miller, Corby, Albert, Kistinka, Tomcavage, and Marhelka. (Doc. No. 187.) Easley, however, does not require the Court's permission to depose these Defendants. Rather, if Easley wishes to depose these Defendants, he may make arrangements to do so by communicating with their counsel. Accordingly, Easley's motion to depose Defendants (Doc. No. 187) will be denied as unnecessary.[1]

---

[1] In his motion, Easley asks the Court to order prison officials at SCI Forest to allow his aunt to send or bring him a tape recorder to use for depositions. (Doc. No. 187 at 3.) Officials at SCI Forest, however, are not parties to this lawsuit. Easley may communicate with counsel for Defendants regarding the scheduling of any depositions he may wish to take, as well as the manner in which those depositions will be recorded.

### D. Discovery Deadline

By Order entered on February 14, 2019, Magistrate Judge Carlson granted Defendants' motion for an extension of time to complete discovery and directed the parties to complete discovery by August 1, 2019. (Doc. No. 128.) As noted above, however, Easley has experienced significant difficulties in viewing discovery provided by Defendants, and he seeks to depose certain Defendants. The Court may modify a scheduling order "for good cause." *See* Fed. R. Civ. P. 16(b)(4). Accordingly, in light of Easley's representations, the Court will extend the discovery deadline and direct that the parties completed discovery by December 1, 2019.[2]

## III. CONCLUSION

For the reasons set forth above, Easley's motion to order the viewing of discovery (Doc. No. 183) will be denied to the extent he seeks injunctive relief against officials at SCI Forest, who are not parties to this suit. The Court will, however, grant the motion (Doc. No. 183) to the extent that counsel for Defendants will be directed to communicate with the relevant officials at SCI Forest to ensure that Easley's discovery is not withheld and that he is able to view such in a timely and consistent manner. Easley's motion in limine (Doc. No. 184) will be denied without prejudice as premature, and his motion seeking to depose certain Defendants

---

[2] Defendants have previously indicated that they would not object to an extension of the discovery date if Easley "feels that he needs additional time before the close of discovery." (Doc. No. 154 at 8-9.)

(Doc. No. 187) will be denied as unnecessary. The Court will also extend the discovery deadline and direct the parties to complete discovery by December 1, 2019. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 23, 2019