IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN EASLEY, | : | |
|     Plaintiff | : | |
| | : | No. 1:17-cv-930 |
|     v. | : | |
| | : | (Judge Rambo) |
| BRENDA TRITT, *et al.*, | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is *pro se* Plaintiff Warren Easley ("Plaintiff")'s motion for leave to file a supplemental/amended complaint (Doc. No. 199) and declaration in support thereof (Doc. No. 200). In an Order dated August 29, 2019, the Court directed Defendants to respond to the motion within fourteen (14) days. (Doc. No. 202.) Defendants filed their response on September 12, 2019 (Doc. No. 207), and Plaintiff filed his reply on September 23, 2019 (Doc. No. 208). The motion for leave to file a supplemental/amended complaint is therefore ripe for disposition.

**I.    BACKGROUND**

Plaintiff is proceeding on an amended complaint pursuant to 42 U.S.C. § 1983 against several correctional officers and medical staff members at SCI Frackville, alleging that between March of 2015 and October of 2016, Defendants violated his First and Eighth Amendment rights through deliberate indifference, denial of medical care, failure to protect him, retaliation, denying him access to the courts, and using excessive force. (Doc. No. 11.) Plaintiff argues that his rights were

violated when he was: (1) placed in a restraint chair; (2) placed in a "grind up" cell; (3) tasered; (4) placed in a "dry cell"; (5) given "food loaf"; (6) put on a medical diet; (7) put on grievance restriction; (8) choked by a blanket; (9) put on a seven (7)-day step-down program to earn privileges; (10) sprayed with mace; (11) extracted from his cell using force; (12) issued false reports; (13) assaulted with urine; and (14) called a "rat." (*Id.*)

In January of 2018, Plaintiff filed a motion for leave to file an amended complaint (Doc. No. 45) and proposed second amended complaint (Doc. No. 47), seeking to add seven (7) additional defendants, including an Officer Keen. In a Memorandum and Order entered on April 23, 2018, the Court denied Plaintiff's motion for leave to file an amended complaint, concluding that the proposed second amended complaint failed to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. (Doc. Nos. 54, 55.)

By Memorandum and Order entered on August 7, 2018, the Court: (1) granted Defendant Shiptoski's motion to dismiss/motion for summary judgment and dismissed him from this action; (2) granted Defendant Boyce's motion to dismiss/motion for summary judgment and dismissed him from this action; (3) denied Defendants Albert, Boyce, Corby, Dowd, Gregoire, Kostinko, Miller, and Tomcavage's motions to dismiss/motions for summary judgment for Plaintiff's failure to exhaust administrative remedies; (4) granted Defendant Keller's motion to

dismiss/motion for summary judgment for Plaintiff's failure to exhaust administrative remedies with respect to his claim that Keller called him a "rat"; (5) granted Defendant Marsh's motion to dismiss/motion for summary judgment for Plaintiff's failure to exhaust administrative remedies and dismissed Marsh from this action; (6) granted Defendant Miller's motion to dismiss/motion for summary judgment on the basis that Plaintiff's 2014 haircut exemption claim was barred by the statute of limitations; (7) granted Defendant Newberry's motion to dismiss/motion for summary judgment and dismissed him from this action; (8) denied the motion to sever filed by several Department of Corrections ("DOC") inmates; and (9) denied Plaintiff's motion for default judgment and dismissed Defendant Dr. Pandya from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. Nos. 81, 82.) The remaining DOC Defendants filed their answer on August 28, 2018. (Doc. No. 88.) Pursuant to the Court's July 23, 2019 Memorandum and Order, the parties are due to complete discovery by December 1, 2019. (Doc. Nos. 190, 191.)

## II. DISCUSSION

Plaintiff seeks leave to supplement or amend his complaint to add Officers Whitko, Keen, and Lukashewski as Defendants. (Doc. Nos. 199-1; 200.) He also appears to seek leave to assert claims under the Fourteenth Amendment, a claim of conspiracy, and claims under 42 U.S.C. § 1985. (Doc. No. 199-1 at 1.) Specifically,

3

Plaintiff alleges that Whitko retaliated against him in April of 2015 by issuing a false misconduct stating that Plaintiff had assaulted Defendant Corby. (*Id.* at 10.) He also asserts that Lukashewski is the officer who authorized his placement in a restraint chair after returning from the hospital on June 19, 2015, and that Keen is the officer who authorized him to be put back in the restraint chair for fourteen (14) hours after having already been placed in it for eight (8) hours on June 21, 2015. (*Id.* at 14.)

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within twenty-one (21) days of service or within twenty-one (21) days after the service of a responsive pleading or a motion filed under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy "favoring liberal amendment of pleadings is not, however, unbounded." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is futile when a claim sought to be added would be barred by the applicable statute of limitations. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 219 (3d Cir. 2003). However, an amendment will not be barred and will instead relate back to the date of the original pleading when the requirements of Rule 15(c) are met. That rule provides that an amendment relates back when

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The United States Court of Appeals for the Third Circuit has noted that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct." *Arthur v. Maersk Inc.*, 434 F.3d 196, 202-03 (3d Cir. 2006). Thus, even if a proposed amended pleading satisfies Rule 15(c), leave to amend may be denied under Rule 15(a) "if the Court determines that amendment would be 'unjust' and leave should

5

not be granted." *Altenbach v. Link*, No. 3:14-cv-2431, 2017 WL 583141, at *2 (M.D. Pa. Feb. 13, 2017).

> Rule 15(d) governs supplemental pleadings and provides:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental complaint "refers to events that occurred after the original pleading was filed." *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir. 1979). "Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile." *Green v. Klinefetter*, No. 3:16-cv-2367, 2019 WL 80443, at *3 (M.D. Pa. Jan. 2, 2019) (citations omitted).

Here, however, Plaintiff cannot rely on Rule 15(d) to file a supplemental complaint, as his proposed second amended complaint does not "refer[] to events that occurred after the original pleading was filed." *Owens-Illinois, Inc.*, 610 F.2d

6

at 1188-89. In his reply brief, Plaintiff asserts that his proposed amended complaint meets the requirements of Rule 15(c). The Court considers that argument below.

Rule 15(c)(1)(A) "'gives a party the benefit of whichever standard for relation back is most lenient'—the state standard or the federal standard under the remaining provisions of Rule 15(c)(1)." *Powell v. Wetzel*, No. 1:12-CV-2455, 2016 WL 8731445, at *6 (M.D. Pa. Sept. 13, 2016) (quoting *Anderson v. Bondex Int'l, Inc.*, 552 F. App'x 153, 157 (3d Cir. 2014)), *Report and Recommendation adopted*, 2016 WL 8710470 (M.D. Pa. Sept. 30, 2016). Generally, "Pennsylvania courts do not take a more lenient approach to the relation back doctrine than do federal courts." *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 457 (3d Cir. 1996). Moreover, Plaintiff has not argued that Pennsylvania law is more lenient than federal law. Accordingly, the Court must consider whether relation back is permitted under Rule 15(c)(1)(B) & (C).

Under Rule 15(c)(1)(B), "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Therefore, "proposed amendments relate back if they 'restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading.'" *Anderson*, 552 F. App'x at 157 (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). An amendment, however, "does

not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

As noted above, Plaintiff seeks to assert claims against Lukashewski and Keen based upon their alleged actions in placing him in a restraint chair on June 19 and 21, 2015. (Doc. No. 199-1 at 14.) Plaintiff's amended complaint asserts claims based upon his placement in the restraint chair on those occasions. (Doc. No. 11 at 15.) Thus, it appears that Plaintiff seeks to restate his claims with greater particularity regarding the individuals responsible for placing him in the restraint chair. While these claims therefore meet the requirements of Rule 15(c)(1)(B), the Court discusses below whether Plaintiff's desire to add Keen and Lukashewski as defendants satisfies the requirements of Rule 15(c)(1)(C).

Plaintiff also alleges that in April of 2015, Whitko retaliated against him by issuing a false misconduct charging him with assaulting Defendant Corby. (Doc. O. 199-1 at 10.) Nowhere in Plaintiff's amended complaint, however, did he assert any allegations regarding the receipt of a false misconduct. Rather, Plaintiff only alleged that Defendants Albert and Corby placed him in a restraint chair for sixteen (16) hours, causing him pain, and that Defendant Corby struck him the face. (Doc. No. 11 at 9-10.) Plaintiff's claim concerning Whitko's issuance of a false misconduct, therefore, "assert a new ground for relief supported by facts that differ in both time

8

and type" from those set forth in the original pleading. *See Mayle*, 545 U.S. at 650. Accordingly, such a claim does not meet the requirements of Rule 15(c)(1)(B), and the Court will not permit Plaintiff to amend his complaint to assert such a claim.

With respect to Plaintiff's proposed claims against Keen and Lukashewski, the Court must also consider whether the notice requirements of Rule 15(c)(1)(C) have been met. The Court must therefore consider "whether, within the period of time provided for by Rule 4(m), [Keen and Lukashewski] 'received such notice of the action that [they] w[ould] not be prejudiced in defending on the merits.'" *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014) (quoting Fed. R. Civ. P. 15(c)(1)(C)). Here, the 90-day period under Rule 4(m) began to run on August 23, 2017, when the Court requested that the named Defendant waive service of process. *See Urritia*, 91 F.3d at 459 (concluding that the Rule 4(m) period "is suspended until the district judge authorizes issuance of the summons and service of the . . . complaint"). The 90-day period therefore expired on November 21, 2017.

The Third Circuit allows notice to be imputed under either the shared attorney or identity of interest methods. *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001). Under the shared attorney method, "when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Id.* "The applicable test is not whether new defendants will

9

be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney" within the Rule 4(m) period. *Garvin*, 354 F.3d at 223. Here, nothing indicates that Keen and Lukashewski were represented by counsel for Defendants within the 90-day Rule 4(m) period. Accordingly, the Court will not impute notice to them via the shared attorney method. *See Williams v. City of York, Pa.*, No. 1:15-CV-493, 2016 WL 2610007, at *6 (M.D. Pa. May 6, 2016) (concluding same).

Under the identity of interest method, notice is imputed to parties that "are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197 (quoting 6A Charles A. Wright, *Federal Practice and Procedure* § 1499, at 146 (2d ed. 1990)); *see also Garvin*, 354 F.3d at 223. Here, Keen and Lukashewski were employed at SCI Frackville during the relevant time, as were the named Defendants. However, "[p]resence at the scene of the incident does not provide the . . . defendants with the requisite notice. At the time of the incident, there was not yet a complaint of which the . . . defendants (or their employer or fellow officers) could have been aware." *Martin v. City of Reading*, No. 12-CV-3665, 2015 WL 390611, at *7 (E.D. Pa. Jan. 29, 2015). Furthermore, "just because [Keen and Lukashewski] and . . . originally named [D]efendant[s] are [all employed at SCI Frackville does not mean] that there is a sufficient identity of interest to

impute notice." *Miller v. City of Philadelphia*, No. CIV.A. 13-2145, 2014 WL 2957666, at *4 (E.D. Pa. June 27, 2014). Here, nothing before the Court suggests that Keen and Lukashewski's interests are so closely aligned with Defendants' interests to permit the Court to infer that Keen and Lukashewski received timely imputed notice of this action. Accordingly, the Court will not impute notice to them under the identity of interest method.[1] *See Shiloh v. Hassinger*, No. 4:12-cv-1086, 2015 WL 4404870, at *3 (M.D. Pa. July 17, 2015); *Ballard v. Williams*, No. 3:10-cv-1456, 2012 WL 4435118, at *4-5 (M.D. Pa. Sept. 24, 2012); *Quarles v. Palakovich*, No. 3:07-cv-1905, 2011 WL 5040891, at *3 (M.D. Pa. Oct. 24, 2011).

## III. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion for leave to file a supplemental/amended complaint. (Doc. No. 199.) An appropriate Order follows.

S/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 26, 2019

---

[1] Because Plaintiff has not met the notice requirement of the relation back test, the Court will not address whether Keen and Lukashewski knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against them.

11