IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WARREN EASLEY, | : | |
| Plaintiff | : | |
| | : | No. 1:17-cv-930 |
| v. | : | |
| | : | (Judge Rambo) |
| BRENDA TRITT, *et al.*, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 20th day of February 2020, in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. The stay previously ordered in the above-captioned case (Doc. No. 225) is **LIFTED**;

2. Plaintiff's first motion to compel discovery and pursue sanctions (Doc. No. 204) is **GRANTED in part** and **DENIED in part**, as follows:

    a. The motion (Doc. No. 204) is **GRANTED** with respect to the following information, and Defendants are **DIRECTED** to produce such to Plaintiff before April 15, 2020:

        i. Any relevant, functional video recordings that have yet to be turned over to Plaintiff;

        ii. Any relevant medical records pertaining to injuries Plaintiff alleges he sustained on April 8-9, 2015; May 20, 2015; July 28, 2015; August 17, 2015; and December 22, 2015, that have yet to be turned over to Plaintiff;

        iii. Any existing photographs of the use of O.C. spray during a use of force incident that occurred on August 5, 2015, to the extent they have not already been produced;

iv. Any audio recordings and any inmate abuse complaints submitted by Plaintiff concerning the use of force on December 22, 2015, to the extent they have not already been produced and are in a format that can be provided to Plaintiff;

v. Any incident reports concerning Plaintiff's placement in a restraint chair on May 12, 2015, to the extent they have not already been produced and are in a format that can be provided to Plaintiff;

vi. Any OSII investigative reports regarding the use of the restraint chair on August 17, 2015, to the extent they have not already been produced and are in a format that can be provided to Plaintiff;

vii. Any relevant documents concerning the use of an intermediate restraint belt on March 23, 2015, extent they have not already been produced and are in a format that can be provided to Plaintiff;

viii. Any OSII investigative reports concerning the use of "dry cell placement" from June 22-24, 2015 and July 28-August 1, 2015, extent they have not already been produced and are in a format that can be provided to Plaintiff;

ix. Any OSII investigative reports concerning the use of the restraint chair on June 19, 2015, extent they have not already been produced and are in a format that can be provided to Plaintiff;

x. A copy of the version of DC-ADM 610 that was in place during the relevant period;

xi. A declaration that fully and accurately summarizes policies regarding the videotaping of use of force events as well as handling requests for preservation of video, to the extent such policies are set forth in DOC Policies 6.5.1 and 6.3.1; and

xii. The portions of Plaintiff's DC-14, DC-15, and ICAR files that contain notes about Plaintiff's complaints about staff, to the

extent such notes are relevant to Plaintiff's claims and are not confidential and to the extent they have not already been provided, spanning the period from March of 2015 through November of 2016;

b. The motion (Doc. No. 204) is **DENIED** as to all other requests, including Plaintiff's request for sanctions;

3. Plaintiff second motion to compel and to pursue sanctions (Doc. No. 234) is **GRANTED in part** and **DENIED in part**, as follows:

   a. The motion (Doc. No. 234) is **GRANTED** with respect to the following information, and Defendants are **DIRECTED** to produce such to Plaintiff before April 15, 2020:

      i. More complete responses to interrogatories two, three, and four in Plaintiff's second set of interrogatories and interrogatory seven in Plaintiff's third set of interrogatories to Defendant Tritt, consistent with the analysis set forth in the Memorandum accompanying this Order;

      ii. The opportunity to inspect any non-privileged portion of his mental health record for the period of time in August of 2015 when Plaintiff alleges he engaged in a hunger strike and self-harm; and

      iii. A copy of Plaintiff's deposition transcript;

   b. The motion (Doc. No. 234) is **DENIED** as to all other requests, including Plaintiff's request for sanctions;

4. Plaintiff's motion to lodge sanctions against Defendants (Doc. No. 214) is **DENIED**;

5. Plaintiff's motion to pursue additional interrogatories (Doc. No. 221) is **GRANTED**. Plaintiff may submit five (5) additional interrogatories to Defendant Tritt and five (5) additional interrogatories to Defendant Albert;

6. Plaintiff's motion to pursue correspondence with witnesses (Doc. No. 227) is **GRANTED** to the extent that Plaintiff may correspond with the five (5) inmates named within his motion only if such correspondence is sent via counsel for Defendants (the Office of the Attorney General). Return correspondence from those inmates, if sent, must be routed through counsel for Defendants as well;

7. Plaintiff's motion for an extension of time to complete discovery (Doc. No. 230) is **GRANTED**, and the parties are directed to complete discovery by April 15, 2020 and file any dispositive motions by May 15, 2020. The parties are advised that **no** further extensions of the discovery and dispositive motions deadlines will be granted. Counsel for Defendants is **DIRECTED** to communicate with the relevant officials at SCI Forest to ensure that Plaintiff's discovery is not withheld and that he is able to view such in a timely and consistent manner; and

8. Plaintiff's motion to appoint counsel (Doc. No. 236) is **DENIED WITHOUT PREJUDICE**.

<pre>
                                        S/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge
</pre>