## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN EASLEY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:17-cv-930** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **BRENDA TRITT,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court are *pro se* Plaintiff Warren Easley ("Plaintiff")'s motion to compel discovery and pursue sanctions (Doc. No. 250), motion for reconsideration (Doc. No. 253) of the Court's February 20, 2020 Memorandum and Order (Doc. Nos. 248, 249), and motion requesting an Order permitting him to view his discovery (Doc. No. 261). The motions are fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiff is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against several correctional officers and medical staff members at SCI Frackville, alleging various incidents of cruel and unusual punishment. (Doc. No. 11.) By Memorandum and Order entered on August 7, 2018, the Court: (1) granted Defendant Shiptoski's motion to dismiss/motion for summary judgment and dismissed him from this action; (2) granted Defendant Boyce's motion to dismiss/motion for summary judgment and dismissed him from this action; (3) denied Defendants Albert, Boyce, Corby, Dowd, Gregoire, Kostinko, Miller, and

Tomcavage's motions to dismiss/motions for summary judgment for Plaintiff's failure to exhaust administrative remedies; (4) granted Defendant Keller's motion to dismiss/motion for summary judgment for Plaintiff's failure to exhaust administrative remedies with respect to his claim that Keller called him a "rat"; (5) granted Defendant Marsh's motion to dismiss/motion for summary judgment for Plaintiff's failure to exhaust administrative remedies and dismissed Marsh from this action; (6) granted Defendant Miller's motion to dismiss/motion for summary judgment on the basis that Plaintiff's 2014 haircut exemption claim was barred by the statute of limitations; (7) granted Defendant Newberry's motion to dismiss/motion for summary judgment and dismissed him from this action; (8) denied the motion to sever filed by several Department of Corrections ("DOC") inmates; and (9) denied Plaintiff's motion for default judgment and dismissed Defendant Dr. Pandya from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. Nos. 81, 82.)  The remaining DOC Defendants filed their answer on August 28, 2018.   (Doc. No. 88.)  In a Memorandum and Order dated July 23, 2019, the Court directed the parties to complete discovery by December 1, 2019.  (Doc. Nos. 190, 191.)

Plaintiff subsequently filed several discovery-related motions.   In a Memorandum and Order dated February 20, 2020, the Court granted in part and denied in part Plaintiff's two motions to compel, denied his motions seeking

sanctions, granted his motion to pursue additional interrogatories, granted his motion to pursue correspondence with witnesses to the extent that such correspondence needed to be sent via counsel for Defendants (the Office of the Attorney General). (Doc. Nos. 248, 249.)  With respect to the motions to compel, the Court directed Defendants to provide to Plaintiff: (1) any relevant, functional video recordings that had yet to be turned over; (2) any relevant medical records pertaining to specific dates that had yet to be turned over; (3) any existing photographs of the use of O.C. spray during a use of force incident on August 5, 2015; (4) any audio recordings and inmate abuse complaints regarding the use of force on December 22, 2015; (5) incident reports and investigative reports regarding the use of a restraint chair on May 12, June 19, and August 17, 2015; (6) any relevant documents concerning the use of an intermediate restraint belt on March 23, 2015; (7) any investigative reports concerning Plaintiff's placement in a "dry cell" from June 22-24, 2015 and July 28-August 1, 2015; (8) a copy of the version of DC-ADM 610 in place during the relevant period; (9) a declaration fully summarizing policies regarding the videotaping of use of force events as well as handling requests for preservation of video, to the extent such were set forth in DOC Policies 6.5.1 and 6.3.1; (10) portions of Plaintiff's DC-14, DC-15, and ICAR files containing notes about Plaintiff's complaints about staff, to the extent they were not confidential, from March 2015 through November 2016; (11) more complete responses to four of Plaintiff's

interrogatories to Defendant Tritt; (12) the opportunity to inspect any non-privileged portion of his mental health record for the period of time in August 2015 when Plaintiff alleges he engaged in a hunger strike and self-harm; and (13) a copy of Plaintiff's deposition transcript. (*Id.*)

The Court also denied without prejudice Plaintiff's motion to appoint counsel and granted his motion for an extension of time to complete discovery, directing the parties to complete discovery by April 15, 2020 and file and dispositive motions by May 15, 2020. (*Id.*) The Court also directed counsel for Defendants to communicate with the relevant officials at SCI Forest to ensure that Plaintiff can view his discovery in a timely and consistent manner. (*Id.*)

## II.   PLAINTIFF'S MOTIONS

### A.   Motion for Reconsideration (Doc. No. 253)

Plaintiff seeks reconsideration of portions of the Court's February 20, 2020 Memorandum and Order addressing several discovery-related motions. (Doc. No. 253.)   Specifically, Plaintiff takes issue with the Court "bunching 32 separate request[s] . . . concerning incidents requesting videos," arguing that such "does not do justice nor note the importance of each individual request for videos Defendants ha[ve] not sent thus far."   (Doc. No. 254 at 1-2.)   Plaintiff also requests reconsideration of the following, all of which were denied in the Court's February 20, 2020 Memorandum and Order: (1) a photograph of a psychiatric cell; (2) a

photograph of a smock blanket; (3) a copy of a non-existent PREA complaint supposedly filed by Plaintiff on November 20, 2015; (4) information regarding other inmates; (5) copies of DOC Policies 6.3.1 and 6.5.1, although the Court ordered Defendants to provide declarations summarizing portions of those policies to Plaintiff; (6) information regarding the manufacturer, instructions, and manual for restraint chairs; (7) hospital records related to Defendant Corby; and (8) Plaintiff's request for counsel.  (*Id.* at 2-13.)

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008).  Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has

made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Gray v. Wakefield*, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); *see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff's motion, however, fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Rather, Plaintiff relies upon the arguments previously raised in support of his motions to compel. With respect to his request for a copy of the PREA

complaint, Plaintiff attaches to his brief in support of his motion for reconsideration a document labeled "Sexual Abuse." (Doc. No. 254 at 14.)  Plaintiff asserts that this document indicates that Defendants falsely claimed that they have no record of a PREA complaint from November 20, 2015.  (*Id.* at 5.)  This exhibit, however, is not dated, and there is no indication that Defendants ever received this complaint. Moreover, to the extent Plaintiff requests that the Court reconsider appointing him counsel, the Court concludes that appointment of counsel is not warranted at this juncture for the reasons set forth in its February 20, 2020 Memorandum. Accordingly, Plaintiff's motion for reconsideration (Doc. No. 253) will be denied.

### B.      Motion to Compel Discovery and Pursue Sanctions (Doc. No. 250)

#### 1.      Requests to Compel Discovery

A party who has received evasive or incomplete discovery responses may seek a Court Order compelling disclosures or discovery of the materials sought.  Fed. R. Civ. P. 37(a).  "The moving party must demonstrate the relevance of the information sought to a particular claim or defense."  *Montanez v. Tritt*, No. 14-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016).  "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper."  *Id.* (citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Consequently, courts often – and appropriately – liberally apply discovery rules. *See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). *See McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

### a.    Requests for Production

1. Plaintiff request[s] the grievances filed by Plaintiff at S.C.I. Greene County from 2012-2014.

Response: OBJECTION.   Defendants object to this request because it seeks information that is not relevant to the claims in this matter.

Defendants further object to this request because it is overly broad and unduly burdensome.

Defendants further object to this request to the extent that it seeks information relating to matters beyond that are set forth in the complaint.   Because the scope of this matter is limited, all of the requested records are not relevant to the claims at issue.

Defendants further object to this request as not being proportional to the needs of this case.   The burden and expense on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.

2. Plaintiff request[s] his medical records while at S.C.I. Greene County from 2012-2014.

Response: OBJECTION.   Defendants object to this request because it seeks information that is not relevant to the claims in this matter.

Defendants further object to this request because it is overly broad and unduly burdensome.

Defendants further object to this request to the extent that it seeks information relating to matters beyond that are set forth in the complaint.   Because the scope of this matter is limited, all of the requested records are not relevant to the claims at issue.

Defendants further object to this request as not being proportional to the needs of this case.   The burden and expense on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.

Plaintiff avers that these requests are relevant to his access to the courts claim.

(Doc. No. 251 at 2-4.)  In his amended complaint, Plaintiff avers that his property was thrown away, and in that property was a prepared civil suit he intended to file regarding events that occurred while he was incarcerated at SCI Greene.  (Doc. No.

11 ¶¶ 224-26.)   The Court, however, agrees with Defendants that his requests are overly broad and burdensome, as they seek to compel Defendants to produce three (3) years' worth of grievances and medical records.   If Plaintiff wishes to describe his underlying claim for purposes of the access to the courts claim he raises in his amended complaint, he may do so via affidavit when dispositive motions are filed, not by engaging in a fishing expedition through three (3) years' worth of records. Accordingly, Plaintiff's motion to compel will be denied with respect to these requests.

> 3. Each document the defendant/any defendant refers to in answering all interrogatories initiated since August 2018 to date.

> Response: OBJECTION.   Defendants object to this request because it is overly broad and unduly burdensome.

> Defendants further object to this request as not being proportional to the needs of this case.   The burden and expense on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.

> Without waiving the foregoing objections, Defendants have already produced documents, photographs and videos related to Plaintiff's claims in response to other requests for production. Therefore, Defendants have met their burden by producing voluminous documentation in response to previous requests by Plaintiff.   Plaintiff is directed to review all documents produced to date.

Plaintiff claims that Defendants cannot deny him evidence and believes that they "are not being honest when they say they sent documents relevant to such request[s]."   (Doc. No. 251 at 4.)   However, Plaintiff's opinions regarding Defendants' honesty is not the proper basis for a motion to compel.  Moreover, the

Court agrees with Defendants that it would be burdensome for them to produce all documents referred to in their responses to interrogatories, particularly because Defendants have already produced voluminous discovery to Plaintiff. Accordingly, Plaintiff's motion to compel will be denied with respect to this request.

> 4. Identify and describe all policies, memoranda, or procedures to be followed when an inmate request[s] preservation of video or documents.
>
> Response: OBJECTION.  Defendants object to this request because it seeks information that is not relevant to the claims in this matter.
> Defendants further object to this request because it is overly broad and unduly burdensome.
> Defendants further object to this request to the extent that it seeks information relating to matters beyond that are set forth in the complaint.  Because the scope of this matter is limited, all of the requested records are not relevant to the claims at issue.
> Defendants further object to this request as not being proportional to the needs of this case.  The burden and expenses on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.
> Defendants further object to this request to the extent that it seeks certain information that if obtained, an inmate will be able to use such information to adversely affect institutional safety and security and may also attempt to manipulate and circumvent Department policy, which can affect the overall safety and security of the institutions.  Thus, the disclosure of this information would create safety and security concerns and may endanger the lives of involved staff.  The Department has adopted various policies and rules regarding the care, custody, and control of the inmates within its institutions that it keeps confidential for security reasons.  Certain policies, procedures manuals, and rules are confidential and cannot be disclosed to inmates.  Inmates are not entitled to copies of confidential policies and procedures.

5. Identify and describe all policies, memorandum, or procedures to be followed when an inmate is extended in restraint chair longer than 4-8 hours.

Response:   OBJECTION.   Defendants object to this request because it seeks information that is not relevant to the claims in this matter.

Defendants further object to this request because it is overly broad and unduly burdensome.

Defendants further object to this request to the extent that it seeks information relating to matters beyond that are set forth in the complaint.   Because the scope of this matter is limited, all of the requested records are not relevant to the claims at issue.

Defendants further object to this request as not being proportional to the needs of this case.   The burden and expenses on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.

Defendants further object to this request to the extent that it seeks certain information that if obtained, an inmate will be able to use such information to adversely affect institutional safety and security and may also attempt to manipulate and circumvent Department policy, which can affect the overall safety and security of the institutions.   Thus, the disclosure of this information would create safety and security concerns and may endanger the lives of involved staff.   The Department has adopted various policies and rules regarding the care, custody, and control of the inmates within its institutions that it keeps confidential for security reasons.   Certain policies, procedures manuals, and rules are confidential and cannot be disclosed to inmates.   Inmates are not entitled to copies of confidential policies and procedures.

6. Identify and describe all [policies], memorandum, or procedures to be followed before and after [there is] a planned use of force or use of force.

Response: OBJECTION.   Defendants object to this request because it seeks information that is not relevant to the claims in this matter.

Defendants further object to this request because it is overly broad and unduly burdensome.

Defendants further object to this request to the extent that it seeks information relating to matters beyond that are set forth in the complaint. Because the scope of this matter is limited, all of the requested records are not relevant to the claims at issue.

Defendants further object to this request as not being proportional to the needs of this case. The burden and expenses on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.

Defendants further object to this request to the extent that it seeks certain information that if obtained, an inmate will be able to use such information to adversely affect institutional safety and security and may also attempt to manipulate and circumvent Department policy, which can affect the overall safety and security of the institutions. Thus, the disclosure of this information would create safety and security concerns and may endanger the lives of involved staff. The Department has adopted various policies and rules regarding the care, custody, and control of the inmates within its institutions that it keeps confidential for security reasons. Certain policies, procedures manuals, and rules are confidential and cannot be disclosed to inmates. Inmates are not entitled to copies of confidential policies and procedures.

Plaintiff asserts that the information he seeks in the fourth request is relevant because he has "requested preservation of numerous . . . videos" and that those videos have yet to be produced. (Doc. No. 251 at 5.) He suggests that there has been a "conspiracy and ill will to discard and destroy evidence." (*Id.*) The Court, however, has already directed Defendants to provide to Plaintiff a declaration that "fully and accurately" summarizes policies regarding handling requests for preservation of video. (Doc. No. 248 at 20.) Accordingly, the Court will deny Plaintiff's motion to compel with respect to his fourth request.

With respect to his fifth and sixth requests, Plaintiff maintains that these requests are relevant to his claims regarding excessive force.  (Doc. No. 251 at 5-6.) He also suggests that Defendants "violated policy and acted in unwritten customs when force was used."  (*Id.* at 6.)  This Court, however, has already denied similar requests by Plaintiff in its February 20, 2020 Memorandum and Order, concluding that such policies "are highly confidential in the interests of prison safety and security."  (Doc. No. 248 at 19-20.)  Accordingly, the Court will deny Plaintiff's motion to compel with respect to these requests.

> 7. Identify and describe all statistical compilations, reports or other documents showing disposition of all incidents involving a B.M.U. Guard or LT using force against a prisoner from March 3 2015 to date while in the B.M.U. at Frackville.
>
>> Response: OBJECTION.  Defendants object to this request because it seeks information that is not relevant to the claims in this matter.
>> Defendants further object to this request because it is overly broad and unduly burdensome.
>> Defendants further object to this request to the extent that it seeks information relating to matters beyond that are set forth in the complaint.  Because the scope of this matter is limited, all of the requested records are not relevant to the claims at issue.
>> Defendants further object to this request as not being proportional to the needs of this case.  The burden and expense on Defendants in searching for and producing the documents requested outweigh any benefit the documents as requested could confer on Plaintiff in his prosecution of this lawsuit.

Plaintiff argues that these documents are relevant because they will "show a pattern and use of force by B.M.U. staff which will show Defendants were aware of

abuse and excessive force and a pattern of B.M.U. staff to use force which will solidify a failure to protect, deliberate indifference claim." (Doc. No. 251 at 6.)  The Court, however, concludes that Plaintiff's requests is like two requests the Court rejected in its February 20, 2020 Memorandum and Order.  This Court has "rejected these kinds of discovery requests as being not only overbroad, but unduly infringing upon the privacy rights of other inmates." *Williams v. Wetzel*, No. 1:17-cv-79, 2019 WL 1206061, at *3 (M.D. Pa. Mar. 14, 2019) (collecting cases).  Moreover, Plaintiff's request is overly broad, as he seeks such information for a period from 2015 until the present, even though he filed his lawsuit in 2017.  Accordingly, the Court will deny the motion to compel with respect to this request.

### b.   Interrogatories and Requests to Defendant Corby

Plaintiff objects to Defendant Corby's responses to the following interrogatories and requests:

### i.   First Set

1. On 4-9-15 did you initiate a DC.141 misconduct against [Plaintiff].

Response: OBJECTION.  Defendant objects to this request because it seeks information that is not relevant to the claims in this matter.
Defendant further objects to this request to the extent that it assumes facts not in evidence,
Defendant further objects to this interrogatory as overly broad and unduly burdensome.
Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's

relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections, I do not recall.  I was sent to the hospital.  There were many charges of misconduct issued that day to the Plaintiff.

3. If any medical treatment was administered due to incident involving [Plaintiff] on 4-9-15 please provide pictures, medical reports or documents that may state such.

Response: OBJECTION.  Defendant objects to this request because it seeks information that is not relevant to the claims in this matter.

Defendant further objects to this request to the extent that it assumes facts not in evidence,

Defendant further objects to this interrogatory as overly broad and unduly burdensome.

Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to this request because any responsive documents are not in the possession, custody or control of the Defendant.

Without waiving the foregoing objections, I was seen by the medical department and was administered treatment.  See records already produced related to incident of April 9, 2015.

4. Did you get to any hospital after cell extraction involving [Plaintiff] on 4-9-15 if so please provide documents of and documentation.

Response: OBJECTION.  Defendant objects to this request because it seeks information that is not relevant to the claims in this matter.

Defendant further objects to this request to the extent that it assumes facts not in evidence,

Defendant further objects to this interrogatory as overly broad and unduly burdensome.

Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to this request because any responsive documents are not in the possession, custody or control of the Defendant.

Without waiving the foregoing objections, yes, I was sent to the hospital. See records already produced related to incident of April 9, 2015.

With respect to the first interrogatory, Plaintiff avers that Defendant Corby has not answered truthfully. (Doc. No. 251 at 7.) Plaintiff asks that Defendant Corby be compelled to "answer such honestly and properly as such information can be looked into by Defendant and a proper response can be provided." (*Id.*) With respect to the third and fourth interrogatories, Plaintiff argues that he has not received any documents related to these requests. (*Id.* at 7-8.) Defendants assert that Plaintiff's belief that Defendant Corby has been untruthful is not a proper basis for a motion to compel and that the Court has already ruled that it would not require them to turn over hospital records relating to any treatment Defendant Corby received on April 9, 2015. (Doc. No. 260 at 7.)

The Court agrees with Defendants that Plaintiff's belief that Defendant Corby has been untruthful is not a proper basis for a motion to compel. However, as the Court noted in its February 20, 2020 Memorandum, "[p]arties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Id.* (quoting *Miller v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (ED. Pa. 1977)). Under this standard, the Court concludes that Defendant Corby's answer to the first interrogatory set forth above is deficient because he has "not disclosed whether [he is] in possession, custody, or control of any records or logs from which [he] can refresh [his] recollection or ascertain the requested information." *Oke v. Crowuther*, No. 1:18-cv-323, 2019 WL 4393388, at *2 (W.D. Pa. Sept. 14, 2019) (granting plaintiff's motion to compel based upon *Hansel*). Accordingly, the Court will grant Plaintiff's motion to compel (Doc. No. 250) to the extent Plaintiff seeks a more complete response to the first interrogatory set forth above.

With respect to the third and fourth requests, the Court agrees with Defendants that these are further attempts by Plaintiff to obtain information which has already been denied. Plaintiff previously asked the Court to compel the product of such

information, and the Court denied his request in its February 20, 2020 Memorandum

and Order.  (Doc. No. 248 at 37-38.)  Plaintiff has provided no persuasive argument

for the Court to revisit that ruling.  Accordingly, his motion to compel will be denied

with respect to the third and fourth interrogatories and requests.

### ii.    Second Set

1. Were you ever under investigation for excessive force/mistreatment of inmates?  If so how many times?

> Response: OBJECTION.   Defendant objects to this request because it is overly broad, unduly burdensome and not proportional to the needs of this case as Plaintiff seeks information without a limiting time frame.
> Defendant further objects to this request to the extent that it assumes facts not in evidence.
> Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
> Without waiving the foregoing objections, yes.  Once.  The allegations made against me were unsubstantiated.  See OSII 2015-A-235.

2. Please disclose any disciplinary and/or administrative action taken against you (E.g. counseling, reprimand warnings, reprimands, suspensions and/or [separations] from other prisoners or coworkers by PA DOC officials and or your superior officers at PA D.O.C. for any misconduct involving prisoners or coworkers while at PA DOC.

> Response: OBJECTION.   Defendant objects to this request because it is overly broad, unduly burdensome and not proportional to the needs of this case as Plaintiff seeks information without a limiting time frame.

Defendant further objects to this request to the extent that it assumes facts not in evidence.

Defendant further objects to this interrogatory because character evidence is generally admissible in civil cases. Fed. R. Evid. 404(a). Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible character evidence in a civil case.

Defendant further objects to this interrogatory as overly broad and unduly burdensome.

Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections, I have never had any disciplinary or administrative action taken against me.

Plaintiff accuses Defendant Corby of lying and committing perjury by stating that he has never had a substantiated claim of excessive force and that he has never had any disciplinary or administrative action taken against him. (Doc. No, 251 at 8-9.) Once again, however, Plaintiff's belief that Defendant Corby has not been truthful is not the proper basis for a motion to compel. Accordingly, Plaintiff's motion will be denied with respect to these interrogatories and requests.

### c.   Interrogatories and Requests to Defendant Kistinka

Plaintiff also takes issue with Defendant Kistinka's responses to the following interrogatories and requests:

4. Were you even under investigation for excessive force/mistreatment of inmates? If so how many times?

Response: OBJECTION.  Defendant objects to this request because it seeks information that is not relevant to the claims in this matter.

Defendant further objects to this request to the extent that it assumes facts not in evidence.

Defendant further objects to this interrogatory as overly broad and unduly burdensome.

Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to this interrogatory because an allegation presents only one side of a story, may be exaggerated or inaccurate, and is not equivalent to a substantiated finding of wrongdoing.

Defendant further objects to this interrogatory because character evidence is generally inadmissible in civil cases.  Fed. R. Evid. 404(a).  Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible character evidence in a civil case.

Defendant further objects to this request because it is overbroad as the information sought exceeds the scope of the matters complained of in, and temporal scope applicable to, the instant Complaint.

Without waiving the foregoing objections, inmates make false allegations against staff all the time.  As far as investigations where the inmate's complaint was substantiated, no.

5. Please disclose any disciplinary and/or administrative action taken against you (E.g. counseling, reprimand warnings, reprimands, suspensions, and/or [separations] from other prisoners or coworkers by PD-DOC officials and or your superior officers at PA-DOC for any misconduct involving prisoners or coworkers while at D.O.C.

Response: OBJECTION.  Defendant objects to this request because it seeks information that is not relevant to the claims in this matter.

Defendant further objects to this request to the extent that it assumes facts not in evidence.

Defendant further objects to this interrogatory as overly broad and unduly burdensome.

Defendant further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Defendant's relative access to relevant information, the Defendant's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to this interrogatory because an allegation presents only one side of a story, may be exaggerated or inaccurate, and is not equivalent to a substantiated finding of wrongdoing.

Defendant further objects to this interrogatory because character evidence is generally inadmissible in civil cases. Fed. R. Civ. P. 404(a). Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible character evidence in a civil case.

Defendant further objects to this request because it is overbroad as the information sought exceeds the scope of the matters complained of in, and temporal scope applicable to, the instant Complaint.

Without waiving the forgoing objections, no disciplinary actions have been taken against Defendant.

With respect to the fourth interrogatory, Plaintiff argues that Defendant Kistinka's response is vague and nonresponsive. (Doc. No. 251 at 10.) He also asserts that Defendant Kistinka "actually assaulted Plaintiff." (*Id.*) With respect to the fifth interrogatory, Plaintiff avers that Defendant Kistinka has not answered truthfully because "Defendant was counseled for falsifying documents involving Plaintiff on 12-22-15 when Defendant stated Plaintiff assaulted him and initiated a false misconduct." (*Id.*) Plaintiff asks that the Court compel Defendants to produce Defendant Kistinka's "record while working with D.O.C. and to have internal officers investigate such." (*Id.* at 11.)

To the extent Plaintiff believes Defendant Kistinka's responses are not truthful, the Court agrees with Defendants that this is not a proper basis for a motion to compel.  Moreover, the Court disagrees with Plaintiff that Defendant Kistinka's response to the fourth interrogatory is vague and nonresponsive.  In addition, in its February 20, 2020 Memorandum and Order, the Court directed Defendants to produce any audio recordings as well as any inmate abuse complaints submitted by Plaintiff concerning the use of force by Defendant Kistinka on December 22, 2015.  (Doc. No. 248 at 11.)  Defendant Kistinka's response explicitly states that he has never had a substantiated claim of excessive force made against him.  Accordingly, the Court will deny Plaintiff's motion to compel with respect to these interrogatories.

### d.    Videos

Plaintiff again takes issue with the videos that have either been provided by Defendants or that have not yet been provided.  (Doc. No. 251 at 16-17.)  He avers that Defendants have sent "over 25 duplicates and over 85 videos that don't pertain to [the] civil suit."  (*Id.* at 16.)  The Court, however, has already addressed Plaintiff's arguments regarding the videos in its February 20, 2020 Memorandum and Order.  While the Court understands Plaintiff's frustrations, he requested what amounts to about 185 video recordings.  Moreover, Defendants, in an abundance of caution, have produced several videos to Plaintiff even though they do not appear directly responsive to any of his discovery requests.  As noted *infra*, however, the Court is

23

granting an extension of time to complete discovery and is confident that any relevant, functional video that has yet to be turned over will be provided to Plaintiff by the close of discovery. Accordingly, Plaintiff's motion to compel will be denied with respect to his complaints about the videos.

### 2.    Request for Sanctions

Plaintiff once again seeks monetary sanctions from Defendants, now in the amount of $1,500.00. (Doc. No. 250 at 1.) Plaintiff states that sanctions should be imposed because Defendants "have not properly responded to interrogatories or discovery document/video requests." (*Id.*) He argues that he "has shown a pattern of such and [that Defendants] do such in bad faith." (*Id.*)

Nothing before the Court demonstrates that Defendants are acting in bad faith such that the imposition of sanctions would be warranted. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008). As evidenced by the lengthy docket in this matter, the parties have engaged in voluminous discovery for over the course of the year. The Court has previously noted that Plaintiff requested approximately 185 video recordings from Defendants and that he sent over twenty (20) separate sets of requests for production to Defendants. Once again Plaintiff's belief that Defendants have committed discovery abuses stems from his dissatisfaction with their responses to his voluminous requests for discovery as well as the additional time Defendants have needed to respond to his many requests.

Accordingly, Plaintiff's motion (Doc. No. 253) will be denied to the extent it seeks sanctions from Defendants.

### C.    Motion Requesting Order to View Discovery (Doc. No. 261)

Finally, Plaintiff requests that the Court grant his motion to designate a staff member at SCI Forest through counsel for Defendants so that Plaintiff can receive even more time to view his discovery to properly litigate this matter.  (Doc. No. 261.) Plaintiff maintains that he has not been able to view his discovery over the last "25 plus days."  (*Id.* at 1.)  He argues that this relief is necessary because he was "given a deadline to view discovery and provide and finish discovery request[s] by April 15, 2020."  (Doc. No. 262 at 1.)  In response, Defendants assert that Plaintiff's request should be denied because "he is being given the opportunity to review his discovery, which is rather voluminous."  (Doc. No. 265 at 1.)  Defendants also state that "given the current COVID-19 global pandemic, the Department of Corrections is balancing the needs of inmates to be able to litigate their court cases with the Department's obligation to protect staff and inmates from the spread of COVID-19." (*Id.*)

As an initial matter, Plaintiff is incorrect that the Court gave him a deadline for viewing discovery.  The April 15, 2020 deadline was for completion of discovery, not a deadline for Plaintiff to view his discovery.  He may continue to view his discovery after that date.

The Court is sympathetic to Plaintiff's frustrations regarding his ability to view discovery.   However, Plaintiff must remember that he is one (1) of approximately 2,300 inmates at SCI Forest.  (Doc. No. 265 at 2-3.)  Moreover, Defendants aver that Plaintiff already falls within the first priority for law library use because "his case involves a challenge to his conditions of confinement and contains an explicit court-ordered deadline."  (*Id.* at 3.)  Defendants maintain that Plaintiff must still sign up for law library time, and no inmate or group of inmates is given priority access to those sign-up sheets.  (*Id.*)  Finally, "given the current health recommendations regarding social distancing to prevent the spread of COVID-19, current DOC preference is to deliver materials to the inmate's cell." (*Id.*)  However, because discovery in this matter consists of thousands of pages, Plaintiff is "being afforded at least one hour in the law library per session, but, again, the number of inmates who may be in the law library at any one time is necessarily limited to prevent the spread of COVID-19."  (*Id.*)

To the extent Plaintiff requests that the Court order staff at SCI Forest to prioritize his litigation needs, the Court is unwilling to grant such relief in light of the DOC's policies regarding law library time, preventing the spread of COVID-19, and the fact that Plaintiff's case already falls within the highest priority for law library time.  In its February 20, 2020 Memorandum and Order, the Court advised the parties that no further extensions of the discovery and dispositive motions

deadlines would be granted.  However, shortly thereafter, the COVID-19 pandemic began to rapidly evolve and spread.  Under these unique circumstances, the Court is aware that the DOC must balance Plaintiff's need to litigate this suit with its need to utilize preventive measures to prevent and reduce the spread of COVID-19 within its facilities.  The Court, therefore, agrees with Defendants that one further extension of the discovery and dispositive motions deadline is warranted.  The Court will extend the discovery deadline to May 31, 2020, and the dispositive motions deadline to July 31, 2020.  Plaintiff, however, should not use this final extension of the discovery deadline as a chance to pursue requests for discovery that are duplicative of discovery materials that he has already received.  Moreover, Plaintiff should not pursue requests that are irrelevant to the above-captioned case.

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel discovery and pursue sanctions (Doc. No. 250) will be granted in part and denied in part.  Plaintiff's motion for reconsideration (Doc. No. 253) will be denied.  Plaintiff's motion requesting an Order to view discovery (Doc. No. 261) will be denied to the extent Plaintiff requests that the Court order SCI Forest officials to prioritize his litigation needs in order to view discovery.  The motion, however, will be to the extent that the Court will extend the discovery and dispositive motions deadlines one final time.  The parties will be directed to complete discovery by May 31, 2020 and file any

dispositive motions by July 31, 2020.  Plaintiff, however, should not use this final extension of the discovery deadline as a chance to pursue requests for discovery that are duplicative of discovery materials that he has already received.  Moreover, Plaintiff should not pursue requests that are irrelevant to the above-captioned case.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 20, 2020