## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN EASLEY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:17-cv-930** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **BRENDA TRITT,** *et al.*, | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Before the Court is *pro se* Plaintiff Warren Easley ("Plaintiff")'s motion to compel and pursue sanctions/spoliation against Defendants.  (Doc. No. 269.)  The motion is fully briefed and ripe for disposition.

## I.    BACKGROUND

Plaintiff is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against several correctional officers and medical staff members at SCI Frackville, alleging various incidents of cruel and unusual punishment.  (Doc. No. 11.)  By Memorandum and Order entered on August 7, 2018, the Court: (1) granted Defendant Shiptoski's motion to dismiss/motion for summary judgment and dismissed him from this action; (2) granted Defendant Boyce's motion to dismiss/motion for summary judgment and dismissed him from this action; (3) denied Defendants Albert, Boyce, Corby, Dowd, Gregoire, Kostinko, Miller, and Tomcavage's motions to dismiss/motions for summary judgment for Plaintiff's failure to exhaust administrative remedies; (4) granted Defendant Keller's motion to

dismiss/motion for summary judgment for Plaintiff's failure to exhaust administrative remedies with respect to his claim that Keller called him a "rat"; (5) granted Defendant Marsh's motion to dismiss/motion for summary judgment for Plaintiff's failure to exhaust administrative remedies and dismissed Marsh from this action; (6) granted Defendant Miller's motion to dismiss/motion for summary judgment on the basis that Plaintiff's 2014 haircut exemption claim was barred by the statute of limitations; (7) granted Defendant Newberry's motion to dismiss/motion for summary judgment and dismissed him from this action; (8) denied the motion to sever filed by several Department of Corrections ("DOC") inmates; and (9) denied Plaintiff's motion for default judgment and dismissed Defendant Dr. Pandya from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. Nos. 81, 82.) The remaining DOC Defendants filed their answer on August 28, 2018. (Doc. No. 88.) In a Memorandum and Order dated July 23, 2019, the Court directed the parties to complete discovery by December 1, 2019. (Doc. Nos. 190, 191.)

Plaintiff subsequently filed several discovery-related motions. In a Memorandum and Order dated February 20, 2020, the Court granted in part and denied in part Plaintiff's two motions to compel, denied his motions seeking sanctions, granted his motion to pursue additional interrogatories, granted his motion to pursue correspondence with witnesses to the extent that such correspondence

needed to be sent via counsel for Defendants (the Office of the Attorney General). (Doc. Nos. 248, 249.)  With respect to the motions to compel, the Court directed Defendants to provide to Plaintiff: (1) any relevant, functional video recordings that had yet to be turned over; (2) any relevant medical records pertaining to specific dates that had yet to be turned over; (3) any existing photographs of the use of O.C. spray during a use of force incident on August 5, 2015; (4) any audio recordings and inmate abuse complaints regarding the use of force on December 22, 2015; (5) incident reports and investigative reports regarding the use of a restraint chair on May 12, June 19, and August 17, 2015; (6) any relevant documents concerning the use of an intermediate restraint belt on March 23, 2015; (7) any investigative reports concerning Plaintiff's placement in a "dry cell" from June 22-24, 2015 and July 28-August 1, 2015; (8) a copy of the version of DC-ADM 610 in place during the relevant period; (9) a declaration fully summarizing policies regarding the videotaping of use of force events as well as handling requests for preservation of video, to the extent such were set forth in DOC Policies 6.5.1 and 6.3.1; (10) portions of Plaintiff's DC-14, DC-15, and ICAR files containing notes about Plaintiff's complaints about staff, to the extent they were not confidential, from March 2015 through November 2016; (11) more complete responses to four of Plaintiff's interrogatories to Defendant Tritt; (12) the opportunity to inspect any non-privileged portion of his mental health record for the period of time in August 2015 when

Plaintiff alleges he engaged in a hunger strike and self-harm; and (13) a copy of Plaintiff's deposition transcript. (*Id.*)

The Court also denied without prejudice Plaintiff's motion to appoint counsel and granted his motion for an extension of time to complete discovery, directing the parties to complete discovery by April 15, 2020 and file and dispositive motions by May 15, 2020. (*Id.*) The Court also directed counsel for Defendants to communicate with the relevant officials at SCI Forest to ensure that Plaintiff can view his discovery in a timely and consistent manner. (*Id.*)

Plaintiff subsequently filed another motion to compel and pursue sanctions (Doc. No. 250), a motion for reconsideration of the Court's February 20, 2020 Memorandum and Order (Doc. No. 253), and a motion requesting an Order to view discovery (Doc. No. 261). In a Memorandum and Order dated April 20, 2020, the Court granted Plaintiff's motion to compel to the extent that Defendants were directed to produce a more complete response to interrogatory one in Plaintiff's first set of interrogatories to Defendant Corby. (Doc. Nos. 267, 268.) The Court denied Plaintiff's motion in all other respects, denied his motion for reconsideration, and denied his motion requesting an Order to view discover to the extent Plaintiff requested that the Court order SCI Forest officials to prioritize his litigation needs. (*Id.*) The Court, however, granted Plaintiff's motion (Doc. No. 261) to the extent that the discovery and dispositive motions deadlines were extended to May 31, 2020

4

and July 31, 2020, respectively.  (*Id.*)  The Court cautioned Plaintiff that he "should not use this final extension of the discovery deadline as a chance to pursue requests for discovery that are duplicative of discovery materials that he has already received or of requests that have already been denied."  (Doc. No. 268.)  Plaintiff was also cautioned not to "pursue requests that are irrelevant to the above-captioned case." (*Id.*)

Plaintiff filed the instant motion to compel and to pursue sanctions/spoliation on April 27, 2020.  (Doc. No. 269.)  Plaintiff asserts that spoliation has occurred because Defendant have not produced evidence that is unfavorable to them.  (*Id.* at 1.)  Specifically, Plaintiff asserts that Defendants have not provided audio recordings from an investigation into a use of force incident on December 22, 2015.  (Doc. No. 271 at 1.)  He also seeks video and audio from a use of the restraint chair on August 17, 2015.  (*Id.* at 2.)  He seeks sanctions in the amount of $750.00 and for Defendants to be "banned from bringing evidence" to support dispositive motions or during a trial regarding his claims based on events that occurred on April 8-9, 2015, May 20, 2015, August 17, 2015, December 22, 2016, and February 12, 2016.  (Doc. No. 269.) Plaintiff also asks that the Court order Defendants to "state what policy iterate[s] preservation of videos/documents when requested and state a declaration that fully summarize[s], explain[s], and iterate[s] such policy of preservation of videos/documents."  (*Id.*)  In support of that request, Plaintiff avers that although the

Court ordered Defendants to provide Plaintiff a declaration fully and accurately summarizing policies regarding the videotaping of use of force events and the handling of requests for preservation of video, to the extent such were sent forth in DOC Policies 6.5.1 and 6.3.1, Defendants' declaration in response "did not speak on [a] policy concerning inmates requesting preservation of videos." (Doc. No. 271 at 3-4.)

Defendants assert that, with respect to audio recordings, they "did not realize that the audio recordings to which the Plaintiff referred were not turned over with the videos." (Doc. No. 274 at 2.) Once this omission was brought to their attention, "they verified why had been sent to the Plaintiff and what was in the possession of the Department, and have moved swiftly to rectify that omission." (*Id.*) Defendants states that the DOC is "re-sending the audio files in question to the undersigned's office, and they will be put on a CD and mailed to the Plaintiff." (*Id.*)

With respect to video footage, Defendants state that some video from August 17, 2015 was previously turned over, but that an OSII report received on May 11, 2020 "indicates that there is additional video that has not yet been turned over." (*Id.* at 3.) Defendants state that as of May 11, 2020, counsel expected to receive the video within the next few days to determine whether it will work properly, and if so, will then disclose it to Plaintiff. (*Id.*) While Defendants recognize that some videos

that were produced did not function properly, spoliation and sanctions is not warranted because there is a lack of bad faith on the part of Defendants.  (*Id.*)

With respect to Plaintiff's request regarding the declaration, Defendants states that on April 17, 2020, they provided a declaration from Major Scott Woodring that summarized the polices relating to use of force events and request for production of video, to the extent such were contained in DOC Policies 6.5.1 and 6.3.1, in response to the Court's Order.  (*Id.* at 4.)  The declaration indicates that those policies do not reference the preservation of video.  (*Id.*; Doc. No. 274-1.)  Defendants assert that they have complied with the Court's directive and that they cannot "be required to put into a declaration something that is not set forth in the policy."  (Doc. No. 274 at 4.)

## II.    DISCUSSION

Plaintiff once again seeks monetary sanctions from Defendants in the amount of $750.00, as well as for the Court to prohibit Defendants from offering certain evidence, for Defendants' alleged failure to provide certain audio and video recordings during discovery.  Specifically, Plaintiff argues that sanctions are appropriate because spoliation has occurred.  Generally, a finding of spoliation is proper "when evidence is destroyed or altered, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable."  *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (citing *Micron Tech., Inc.*

7

*v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)).   Moreover, under some circumstances, the nonproduction of evidence is also "rightfully characterized as spoliation" because "a party's failure to produce a document can have the same practical effect as destroying it." *Id.*   However, "a finding of bad faith is pivotal to a spoliation determination." *Id.* at 79.

Again, nothing before the Court demonstrates that Defendants have acted in bad faith such that a finding of spoliation and the imposition of sanctions would be warranted.   As evidenced by the lengthy docket in this matter, the parties have engaged in voluminous discovery for more than a year and a half.   As set forth above, Defendants quickly rectified the omission of audio recordings and have taken steps to obtain and produce additional video files from August 17, 2015.   Moreover, the fact that some of the videos do not function properly does not lead to a conclusion that Defendants have acted in bad faith.   Accordingly, Plaintiff's motion will be denied to the extent it seeks sanctions and a finding of spoliation.

Plaintiff also asks that the Court compel Defendants to indicate which DOC policy sets forth guidelines regarding the preservation of video and documents when requested and to provide a declaration that fully summarizes such guidelines.  (Doc. No. 269 at 1.)  As noted above, the Court previously directed Defendants to produce a declaration summarizing the policies related to use of force events and requests for production and preservation of video, to the extent such policies were contained in

DOC 6.5.1 and 6.3.1. Defendants produced a declaration summarizing the use of force policies and stating that those policies do not reference the preservation of video.

The Court agrees with Defendants that they cannot be required to "put into a declaration something that is not set forth in the policy." (Doc. No. 274 at 4.) The scope of discovery, however, is within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In light of Plaintiff's status as a *pro se* incarcerated litigant, the Court concludes that information regarding the DOC's policies and guidelines concerning the preservation of video and documents upon receipt of an inmate's request to do so is relevant to Plaintiff's claims. Accordingly, the Court will grant Plaintiff's motion to the extent that Defendants will be directed to provide Plaintiff a declaration that fully and accurately summarizes any guidelines and policies that the DOC has regarding the preservation of video and documents upon receipt of an inmate's request that such evidence be preserved.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion (Doc. No. 269) will be granted in part and denied in part. The motion will be granted to the extent that

Defendants will be directed to provide Plaintiff a declaration that fully and accurately summarizes any guidelines and policies that the DOC has regarding the preservation of video and documents upon receipt of an inmate's request that such evidence be preserved.  The motion will be denied as to all other requests, including Plaintiff's request for sanctions and a finding of spoliation.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: May 26, 2020